# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSEY ANN RODRIGUEZ TORRES,**<br><br>  Plaintiff,<br><br>  v.<br><br>**TRANSAMERICA LIFE INSURANCE CO.; MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,**<br><br>  Defendants. | Civil No. 20-1060 (PG) |
| **JOSEY ANN RODRIGUEZ TORRES,**<br><br>  Plaintiff,<br><br>  v.<br><br>**TRANSAMERICA LIFE INSURANCE CO.,**<br><br>  Defendant. | Civil No. 20-1150 (PG) |
| **JOSEY ANN RODRIGUEZ TORRES,**<br><br>  Plaintiff,<br><br>  v.<br><br>**TRANSAMERICA LIFE INSURANCE CO.,**<br><br>  Defendant. | Civil No. 20-1149 (PG) |

## **ORDER**

Pending before the court are defendants' motions to dismiss (Dockets No. 12, 22). In their motions, defendants request the dismissal of plaintiff's complaint for failure to state a

claim upon which relief may be granted. For the reasons set forth below, this court **GRANTS** defendants' motions.

## I. BACKGROUND

This is the second time the undersigned presides over a case filed by *pro se* plaintiff Josey Ann Rodriguez Torres[1] ("Rodriguez" or "Plaintiff") against defendants Transamerica Life Insurance Co. ("Transamerica") and Massachusetts Mutual Life Insurance Company ("MassMutual"). In January, this court dismissed without prejudice an almost identical claim that on November 11, 2019, defendants removed from state court on diversity grounds.[2] See Civil Case No. 19-2061(PG), Dockets No. 8, 12. Therein, this court found that Plaintiff had failed to raise a claim upon which relief could be granted. Id.

On January 31, 2020, Transamerica filed another notice of removal (Docket No. 1) to which MassMutual consented shortly thereafter. See Dockets No. 1, 8. Said removal resulted in the above-captioned case. It stems from the record that on November 14, 2019 – just three days after the notice of removal was filed in Civil Case No. 19-2061(PG) – Plaintiff filed a second complaint in state court. This second complaint is almost identical to the one previously before the undersigned, albeit she now alleged to be a resident of Ponce, Puerto Rico, claimed $25 million as the amount owed, and alleged that defendants had engaged in retaliation against her efforts to collect. See Docket No. 10-1.

On March 9, 2020, co-defendant MassMutual filed a motion to dismiss (Docket No. 12) pursuant to Rule 12(b)(6), which this court deemed unopposed (Docket No. 21). Days

---

[1] Per her signature in the complaints, Plaintiff is a licensed attorney.
[2] The underlying state court complaint was originally filed on August 19, 2019. See Civil Case No. 19-2061, *Notice of Removal*, Docket No. 1. In the complaint, Plaintiff alleged to reside in Miami, Florida, and claimed that defendants owed her approximately $50 million "for monthly income of professional services of attorney's fees for a fixed amount of insurance revenue benefits of Plaintiff … ." Civil Case No. 19-2061, *Certified Translation of Amended Complaint*, Docket No. 1-2.

later, on March 18, 2020, co-defendant Transamerica moved to consolidate this case with Civil No. 20-1149(JAG) and Civil No. 20-1150(ADC). See Docket No. 14. In the motion, Transamerica explained that on February 13, 2020, it received via mail two additional complaints filed by Plaintiff in state court, which are almost identical to the complaints removed in both 19-2061(PG) and 20-1060(PG). Only a few allegations differentiate the two additional complaints. For example, in the third complaint, Plaintiff claims to reside in Ponce, Puerto Rico, whereas in the fourth complaint, she claims to reside in San Diego, California. See id. In addition, only Transamerica is named as defendant in the third and fourth complaints. Deeming all cases involved common questions of law and fact, the court granted MassMutual's request for consolidation. See Docket No. 24.

On April 28, 2020, Transamerica also moved to dismiss (Docket No. 22). This request stands unopposed as well. The court notes both defendants argue that the dismissal should be with prejudice this time.

## II. STANDARD OF REVIEW

Courts may dismiss a complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a district court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing LaChapelle v. Berkshire Life Ins. Co., 1424 F.3d 507, 508 (1st Cir. 1998)).

Even though detailed factual allegations are not necessary for a complaint to survive a motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To assess the adequacy of the

complaint, a reviewing court shall first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements, then take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Zenon v. Guzman, 924 F.3d 611, 615–16 (1st Cir. 2019) (quotation marks omitted) (citing Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels us 'to draw on' our 'judicial experience and common sense.'" Zell v. Ricci, 957 F.3d 1, 7 (1st Cir. 2020) (citing Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)).

### III. DISCUSSION

In the complaints in question, Plaintiff simply states that MassMutual and/or Transamerica owe her $25 million in "insurance revenue benefits" and that her efforts to collect such debt have been to no avail. See Docket No. 10-1; Case No. 20- 1149, Docket No. 6-1; Case No. 20- 1150, Docket No. 5-1. Other than lowering the amount claimed and changing her place of residence, Plaintiff did not make any significant changes to the allegations in the different complaints.

Plaintiff's failure to set forth well-pleaded factual allegations forces the court to once again rule as it did this past January, to wit, that Plaintiff has fallen well short of the applicable standard. Much like in Civil Case No. 19-2061(PG), Plaintiff's complaints contain just a couple of sentences plagued by conclusory statements. See Docket 6-1. A reading of these documents leaves the reviewer struggling to make out the grounds that purportedly give rise to her claim for relief and entitlement to such a large sum. But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." Labor Relations Div. of Constr. Indus. of Massachusetts, Inc. v. Healey, 844 F.3d 318, 327 (1st Cir. 2016). See also A.G. ex rel. Maddox v. v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013) ("When allegations, though disguised as factual, are so threadbare that they omit any meaningful factual content, we will treat them as what they are: naked conclusions"). And "[w]hile pro se complaints and filings are construed liberally, … even pro se litigants are bound by the Federal Rules of Civil Procedure." Diaz v. Drew, 305 F. Supp. 3d 234, 237 (D. Mass. 2018), *appeal dismissed*, No. 18-1453, 2018 WL 6041585 (1st Cir. July 27, 2018) (citing Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75–76 (1st Cir. 2014); Janosky v. Mass. P'ship for Corr. Healthcare, No. 15-cv-12929, 2017 WL 1164490, at *1 (D. Mass. Mar. 28, 2017)). In this case, even though Plaintiff appears pro se, she is an attorney and her filings leave much to be desired from someone who attempts to practice law before this court.

Now, from a plaintiff's standpoint, dismissal with prejudice "is strong medicine." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002). Although defendants request that dismissal be with prejudice, out of an abundance of caution, dismissal will once again be without prejudice. But the court's leniency is not without teeth. If plaintiff refiles and fails to cure the pleading deficiencies in her complaint, "[t]he Court will not allow [plaintiff] another roll of the dice." Sterling Suffolk Racecourse, LLC v. Wynn Resorts, Ltd., 419 F. Supp. 3d 176, 196 (D. Mass. 2019). This time around, the undersigned "makes this ruling with the caveat that if the … amended complaint is deficient, dismissal will then be with prejudice." Urman v. Novelos Therapeutics, Inc., 796 F. Supp. 2d 277, 285 (D. Mass. 2011) (citing Suna v. Bailey Corp., 107 F.3d 64, 66 (1st Cir.1997)). Hence, "forewarned is forearmed, see Miguel de Cervantes, Don Quixote de la Mancha (circa 1615) … ." Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr., 103 F.3d 196, 205 (1st Cir. 1996).

Finally, it does not go unnoticed that the series of procedural events leading to these separate filings now before this court is suspect, to say the least. The record shows that Plaintiff filed two additional complaints in state court in February of 2020, just a month after the undersigned had dismissed an almost-identical complaint due to pleading deficiencies. Clearly, Plaintiff did not heed the court's first warning. Moreover, her alleged state of residence has changed from one pleading to the next, namely, Florida, Puerto Rico, and lastly, California. This inconsistency shows lack of candor towards the court, particularly when these complaints have been filed just a few months apart, to wit, between November of 2019 and February of 2020.

The undersigned surmises that Plaintiff's main purpose in filing different complaints was to judge-shop, a practice that has been universally condemned. See Barros-Villahermosa v. Puerto Rico, No. CV 09-1524 (PG), 2009 WL 10720328, at *6 (D.P.R. Dec. 29, 2009) (citing United States v. Conforte, 457 F. Supp. 641, 652 (D. Nev. 1978), aff'd, 624 F.2d 869 (9th Cir.); National Treasury Employees Union v. IRS, 765 F.2d 1174, 1177 n.5 (D.C. Cir. 1985)). This practice "disrupts the proper functioning of the judicial system and may be disciplined." Vaqueria Tres Monjitas, Inc. v. Rivera Cubano, 341 F. Supp. 2d 69, 71 (D.P.R. 2004) (citing Standing Comm. on Discipline of the U.S. Dist. Ct. for the Cent. Dist. of Cal. v. Yagman, 55 F.3d 1430, 1443 (9th Cir.1995). This court has an "unwavering duty to be vigilant of abuses and misuses of its resources." Vaqueria Tres Monjitas, Inc. v. Rivera Cubano, 230 F.R.D. 278, 281 (D.P.R. 2005) (imposing $1,000 against each of plaintiffs' attorneys for engaging in judge-shopping).

"In addition to authority under Rule 11 and 28 U.S.C. § 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith,

vexatious, wanton or oppressive behavior." Higgins v. Verizon of New England, Inc., No. CV 18-12092-NMG, 2018 WL 6697733, at *2 (D. Mass. Dec. 19, 2018) (citing Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999)). Therefore, in the spirit of this duty and the provisions of Rule 11, the court strongly urges Plaintiff, as a party and as her own attorney, to conduct a reasonable inquiry into the facts and the applicable law before moving forward with her case.[3] Unreasonable and frivolous allegations and improper circumventions of the random judicial selection process will be severely sanctioned by this court should she engage in such conduct again. The court will not allow parties or their attorneys to abuse the system and squander our limited resources. The Plaintiff is an attorney and definitely knows better than to engage in such erratic and wanton conduct.

### IV.   CONCLUSION

Plaintiff's complaint thus fails to state a claim upon which relief can be granted. As such, defendants' motions (Dockets No. 12, 22) are **GRANTED,** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, July 14, 2020.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**

---

[3] "If there is sufficiently strong evidence that a party and its attorney conspired to interfere wrongfully with the administration of justice, disqualification might well be appropriate even if the conspiracy never came to fruition." Vaqueria Tres Monjitas, Inc. v. Rivera Cubano, 341 F. Supp. 2d 69, 73 (D.P.R. 2004) (citing In re: Bellsouth Corp., 334 F.3d 941, 951 (11th Cir.2003)).